KLEIN, J.
Appellant, the plaintiff in an accident ease, argues that the trial court erred in allowing her treating physician to be cross-examined about the fact that he was suspended from the practice of medicine. We conclude that her physician opened the door to that evidence and affirm.
Defendant’s treating physician was orthopedic surgeon, Dr. Jeffrey Katzell. After plaintiff began treatment with Dr. Kat-zell, and prior to the trial, Dr. Katzell was suspended from the practice of medicine for six months. Both Dr. Katzell and plaintiff had filed motions in limine asking the trial court to prohibit evidence about the license suspension, which was from September 1995 to March 1996. The trial court granted the motions.
After testifying about treatment he rendered in the first half of 1995, Dr. Katzell was asked by plaintiffs counsel if he had seen plaintiff again, and he responded that he had seen her on December 16, 1995. He testified that he examined plaintiff, that she exhibited symptoms to him, that he found muscle spasm and tenderness, and that he tested her flexion and extension. He could have left no other impression with the jury but that he had personally examined her.
The trial court then reconsidered its ruling on the motion in limine and permitted defense counsel to cross-examine Dr. Kat-zell about the fact that his license had been suspended when he had allegedly examined the plaintiff on December 16, 1995. Dr. Katzell explained that he had made a mistake in indicating that he had examined the plaintiff, and that he had been reading from another physician’s notes. Plaintiff argues that allowing evidence of the suspension was error.
Section 90.612(2), Florida Statutes (1997) provides:
Cross-examination of a witness is limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in its discretion, permit inquiry into additional matters.
*1162 When Dr. Katzell testified that he had personally examined the plaintiff during a time when his license to practice medicine was suspended, he opened the door to the cross-examination about the suspension, which the court had previously ruled was inadmissible. This was an “additional” matter, under section 90.612(2), which the court had the discretion to allow, once the door was opened. We therefore affirm.
DELL and FARMER, JJ., concur.